UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS PARKS,

                    Petitioner,                 Case Number 05-10036
                                             Honorable David M. Lawson
v.                                      Magistrate Judge Charles E. Binder

MILLICENT WARREN,

                    Respondent.
_____/

## ORDER GRANTING IN PART PETITIONER'S MOTION FOR RECONSIDERATION AND GRANTING CERTIFICATE OF APPEALABILITY

The matter is before the Court on the petitioner's motion for reconsideration of the Court's February 28, 2011 opinion and order rejecting magistrate judge's report and recommendation, overruling respondent's objections, and denying petition for writ of habeas corpus, and the July 31, 2008 opinion and order adopting in part and rejecting in part magistrate judge's report and recommendation, denying in part petition for writ of habeas corpus, and referring matter to magistrate judge for appointment of counsel and an evidentiary hearing on remaining habeas claim.

I.

Petitioner Curtis Parks filed a petition for writ of habeas corpus challenging his convictions of three counts of first-degree criminal sexual conduct in the Kent County, Michigan circuit court in October 2001. The petition raised four issues for resolution: minorities were systematically excluded from the jury array, which resulted in the denial of a fair cross-section of the community on the petitioner's trial jury; the state prosecutor abused the jury selection process by using his peremptory challenges to exclude African Americans from the jury in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986); the petitioner's trial counsel was ineffective for failing to mount a

timely objection to the prosecutor's conduct; and the petitioner was denied a fair trial when the state court allowed the prosecutor to introduce a mug shot in evidence. On July 31, 2008, the Court denied relief on the petitioner's mug shot and *Batson* claims, finding that admission of the mug shot in evidence was not fundamentally unfair and that the petitioner's *Batson* claim was procedurally defaulted because the petitioner had failed to establish that his counsel was ineffective, thereby removing any grounds to excuse the procedural default. However, the Court found that an evidentiary hearing was required to resolve the jury venire claim and appointed counsel for the petitioner.

Magistrate Judge Charles E. Binder conducted an evidentiary hearing on October 26, 2009 and issued a Report and Recommendation on January 15, 2010. Judge Binder suggested that the Court find that the petitioner had established a *prima facie* case of underrepresentation in violation of the Sixth Amendment's fair cross-section requirement. On February 28, 2011, the Court found that African-Americans were systematically excluded from Kent County juries for several months, but denied habeas relief on the petitioner's jury venire claim because the record established that the racial composition of the petitioner's jury venire reflected almost exactly the proportion of African-Americans in the community.

II.

The petitioner asks the Court to reconsider its denial of the habeas petition as to the jury venire claim and the *Batson* claim on three grounds: (1) the Court failed to consider that the systematic exclusion of minorities included Hispanics, not only African-Americans; (2) the Court is under the mistaken impression that the petitioner's 45-person jury venire was selected at random from the larger jury pool; and (3) the magistrate judge misunderstood the record as to the petitioner's

*Batson* claim.  The petitioner requests that the Court issue the writ or grant an additional certificate of appealability

Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(g)(1) when the moving party to shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case.  E.D. Mich. LR 7.1(g)(3).  A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain.  *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted).  However, motions for reconsideration should not be granted when they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication."  E.D. Mich. LR 7.1(g)(3).

### A.

The petitioner's claim that Hispanics were excluded from Kent County jury pools comes too late.  Although the Court does not question the petitioner's proposition that Hispanics are a distinctive group for the purposes of assessing violations of the Sixth Amendment, *United States v. Jackman*, 46 F.3d 1240, 1246 (2d Cir. 1995), the Court considers the petitioner's claim that Hispanics were underrepresented in the jury venire as a separate and distinct claim which has not been exhausted.  *See United States v. Booker*, 367 F. App'x 571, 574 (6th Cir. 2007) ("To establish a prima facie violation of the fair-cross-section right, [the petitioner] 'must show (1) that the group alleged to be excluded is a "distinctive" group in the community . . . .'" (quoting *Duren v. Missouri*, 439 U.S. 357, 364 (1979))); *Gray v. Brady*, 592 F.3d 296, 306 (1st Cir. 2010) (holding that "minorities" did not constitute a cognizable group for the purposes of a *Batson* claim).  Even assuming, *arguendo*, that the petitioner had exhausted that claim, he did not raise it in his habeas petition or present any evidence concerning the underrepresentation of Hispanics during the

extensive evidentiary hearing held before the magistrate judge.  Therefore, the Court will not reconsider its earlier decision on this ground.

B.

The petitioner argues that the Court also should reconsider its decision to deny his *Duren* fair cross-section claim because the Court was led to believe mistakenly that the jury venire selection was random, when in fact Gail VanTimmeren may have manipulated the venire to increase African-American representation.  The Court will not reconsider its decision on this ground for two reasons.

First, the petitioner has not offered sufficient evidence to convince the Court that the jury venire was manipulated in his case.  VanTimmeren's deposition indicates that she only manipulated the venire selection process when the underrepresentation was blatant.  She stated: "It wasn't something that you would do once every two months or three months or four months.  It's just when it was blatant."  Mot. for Reconsideration, Ex.1, VanTimmeren's Dep. at 22.  VanTimmeren's trial testimony does nothing to elucidate whether Parks's jury venire was manipulated.

Second, even if VanTimmeren had manipulated the random selection process to insure that Parks's jury venire contained a fair cross-section of the community with respect to African-American minorities, the Court would not have decided the issue differently.  The petitioner is entitled to a "jury drawn from venires representative of the community."  *Duren*, 439 U.S. at 364 ("In order to establish a prima facie violation of the fair-cross-section requirement, the defendant must show . . . that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community . . . ."); *Taylor v. Louisiana*, 419 U.S. 522, 526 (1975) ("Our inquiry is whether the presence of a fair cross section of the community on venires, panels, o[r] lists from which petit juries are drawn is essential to the

-4-

fulfillment of the Sixth Amendment's guarantee of an impartial jury trial in criminal prosecutions.");

*United States v. Allen*, 160 F.3d 1096, 1103 (6th Cir. 1998) ("The Sixth Amendment requires that

the jury venire from which a jury is selected represent a fair cross-section of the community."

(internal quotations omitted))).  The petitioner's jury venire contained a fair representation of

African-Americans; therefore, he cannot establish a violation of the Sixth Amendment.  To the

extent that VanTimmeren's actions may give rise to a cognizable equal protection claim, the

petitioner has expressly disavowed any intention of pursuing such a claim.

C.

The petitioner concedes that, although the magistrate judge neglected to address the

petitioner's argument that his trial counsel's ineffective assistance constituted the cause necessary

to excuse a procedural default, the Court was not influenced by the omission.  Nonetheless, the

petitioner asks the Court to issue an additional certificate of appealability for his *Batson* claim.

"When the district court denies a habeas petition on procedural grounds without reaching the

prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the

prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a

valid claim of the denial of a constitutional right and that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473,

484 (2000).

The petitioner argued that his trial counsel's ineffectiveness served as cause to excuse his

failure to contemporaneously object to the prosecutor's peremptory challenges.  The petitioner

submitted the affidavits of three African-Americans who were peremptorily excused by the

prosecutor.  The Court held that the affidavits alone were not enough to establish that his counsel

-5-

was deficient.  The Court finds that reasonable jurists could debate whether the Court was correct in ruling that the petitioner could not show cause and prejudice to excuse the procedural default. The Court also finds that reasonable jurists could debate whether the petition states a valid *Batson* claim.  The record suggests that the prosecutor excused every African-American from the jury without providing any justification.  Therefore, the Court will grant an additional certificate of appealability with respect to the petitioner's *Batson* claim.

III.

The petitioner has not offered evidence of a  "palpable defect" that misled the court, which would result in a different disposition of the case if corrected.  However, the Court will grant an additional certificate of appealability with respect to the petitioner's *Batson* claim.

Accordingly, it is **ORDERED** that the petitioner's motion for reconsideration [dkt #67] is **GRANTED IN PART**.

It is further **ORDERED** that the petitioner is granted an additional certificate of appealability with respect to his *Batson* claim.

It is further **ORDERED** that the remaining requests for relief in the petitioner's motion for reconsideration are **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  November 21, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 21, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL