UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS PARKS,

              Petitioner,              Case Number 05-10036
                                                    Honorable David M. Lawson

v.

MILLICENT WARREN,

              Respondent.
_____/

## OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION

Petitioner Curtis Parks has filed a motion asking the Court to reconsider its decision denying his petition for a writ of habeas corpus after his case was remanded by the court of appeals. Parks argues that the Supreme Court's decision in *Weaver v. Massachusetts*, --- U.S. ---, 137 S. Ct. 1899 (2017), changes the standard of review established by the Sixth Circuit and applied by this Court for determining if prejudice has been shown to excuse a habeas petitioner's procedural default in a case involving structural error. Because *Weaver* does not compel that conclusion, and the Sixth Circuit rejected that argument already in another case, this Court will deny the petitioner's motion.

Parks was convicted of criminal sexual conduct in Kent County, Michigan in 2001. He believes his conviction was tainted by the now-well-known "computer glitch" that resulted in the elimination from jury service of citizens living in a certain zip code. *See Ambrose v. Booker*, 684 F.3d 638, 640-42 (6th Cir. 2012); *Garcia-Dorantes v. Warren*, 978 F. Supp. 2d 815, 826-30 (E.D. Mich. 2013), *aff'd*, 801 F.3d 584 (6th Cir. 2015). That zip code happened to include a large minority population, and therefore the petitioner argued that his jury was not drawn from a fair cross-section of the community.

Because Parks did not raise his fair cross-section claim in the trial court, this Court was required to address whether a state procedure barred consideration of the merits of his claim, and, if so, whether Parks had demonstrated cause for failing to object and prejudice resulting from the error. *See Coleman v. Thompson*, 501 U.S. 722, 746-50 (1991). The Court held that Parks demonstrated cause, and that because the error was deemed "structural," prejudice was presumed. However, the Court concluded that Parks's claim failed on the merits. *Parks v. Warren*, 773 F. Supp. 2d 715 (E.D. Mich. 2011), *vacated and remanded sub nom Parks v. Klee*, 555 F. App'x 573 (6th Cir. 2014) (mem). The Court also held that the petitioner had not established that the prosecutor had used peremptory challenges to exclude improperly minorities from the jury in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986). On appeal by the petitioner, the court of appeals vacated the decision under the authority of Ambrose, which held that to excuse a procedural default, actual prejudice must be shown even for structural errors and cannot be presumed. *See Ambrose*, 684 F.3d at 649. The court of appeals remanded the case for this Court to address in the first instance whether Parks had demonstrated actual prejudice to excuse the procedural default of the fair cross-section claim. The court of appeals also observed that when ruling on the *Batson* issue, this Court had overlooked a *voir dire* transcript that was in the record. The remand instruction thus also allowed the Court to "consider any arguments Parks may wish to make" on that issue.

The Court permitted supplemental briefing and considered the petitioner's challenges under the Sixth Amendment regarding the racial bias of the defectively selected jury pool, his claim that the prosecutor improperly used peremptory challenges to exclude minority jurors, and his claim that trial counsel was ineffective by failing to object to the panel based on the purported *Batson* violation. In an opinion and order issued on September 28, 2017, the Court held that the

petitioner had not shown actual prejudice to excuse the procedural default of his fair cross-section claim and he did not show either cause or prejudice to excuse the default of his *Batson* claim. The Court also held that the *Strickland* claim was without merit because it was premised on the failure to raise a *Batson* challenge, but trial counsel could not be faulted for failing to make that objection when there was no evidence in the record of the jury selection that could support a valid inference of purposeful discrimination. The Court therefore denied the petition.

Parks now contends that the Court must take another look at the issue in light of *Weaver v. Massachusetts*. In that case, the Supreme Court considered the requirement of showing prejudice in a slightly different context: when a defendant alleging ineffective assistance of counsel contends that his lawyer performed deficiently by failing to contest a structural error. In *Weaver*, the defendant was convicted of murder after a trial in which the courtroom was closed to the public during part of the jury selection. His lawyer did not object to the closure, which Weaver contended violated his right to a public trial under the Sixth Amendment. And Weaver argued that his lawyer's failure to object or raise the issue on direct review amounted to ineffective assistance of counsel. The Supreme Court acknowledged that the constitutional violation resulting from the courtroom closure would be considered a structural error if raised on direct review, automatically entitling the defendant to a new trial. *Weaver*, 137 S. Ct. at 1905. But a defendant alleging ineffective assistance of counsel must show both deficient performance *and* prejudice. *Id.* at 1910 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The Supreme Court was unwilling to relax that standard by presuming prejudice, even when the deficient performance impacted a procedural right that was deemed structural. *Id.* at 1912.

The *Weaver* court explained that the term "structural error" "means only that the government is not entitled to deprive the defendant of a new trial by showing that the error was

'harmless beyond a reasonable doubt.'" *Id.* at 1910. Automatic reversal results when a structural error is established in direct review. *Ibid.* That is not so, however, when the error emerges as part of an ineffective-assistance-of-counsel claim, where prejudice must be shown. *Ibid.* But prejudice can be "defined in different ways depending on the context in which it appears." *Ibid.* The Court explained:

> In the ordinary *Strickland* case, prejudice means "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." But the *Strickland* Court cautioned that the prejudice inquiry is not meant to be applied in a "mechanical" fashion. For when a court is evaluating an ineffective-assistance claim, the ultimate inquiry must concentrate on "the fundamental fairness of the proceeding." Petitioner therefore argues that under a proper interpretation of *Strickland*, even if there is no showing of a reasonable probability of a different outcome, relief still must be granted if the convicted person shows that attorney errors rendered the trial fundamentally unfair.

*Id.* at 1910-11. Accepting the defendant's proposition for the moment, the Court nonetheless declared, "*Strickland* prejudice is not shown automatically. Instead, the burden is on the defendant to show either a reasonable probability of a different outcome in his or her case or, as the Court has assumed for these purposes, to show that the particular . . . violation was so serious as to render his or her trial fundamentally unfair." *Id.* at 1911.

Parks argues that this restatement of the prejudice concept should alter the showing he must make to excuse a procedural default. But that conclusion cannot be teased from *Weaver*'s language. As the *Weaver* Court noted, "the term 'structural error' carries with it no talismanic significance as a doctrinal matter"; it means only that harmless error will not excuse a violation. *Id.* at 1910. Therefore, whether the error is classified as "structural" does not dictate whether the petitioner must show prejudice to excuse the failure to preserve the issue; it merely determines whether direct review of the error is subject to analysis for harmless error. And in *Ambrose v. Booker*, the Sixth Circuit held that a habeas petitioner must show "actual prejudice to excuse [his] procedural default, even if the error is structural." 684 F. 3d at 649.

The Court is somewhat puzzled about why the petitioner filed this motion because, before it was filed, the Sixth Circuit addressed the same arguments raised here by him, when it denied a certificate of appealability to the petitioner in *Carter v. Lafler*, No. 17-1409, 2017 WL 4535932 (6th Cir. Aug. 30, 2017). As the court of appeals explained:

> Reasonable jurists [would] not debate whether the district court was correct in denying Carter's motion to alter or amend the judgment. In that motion, Carter sought a COA on the issue of whether "prejudice should be presumed in cases involving underlying structural error." However, as the district court correctly observed, this court had already decided that issue, requiring Carter to show "actual prejudice to excuse [his] procedural default, even if the error is structural." *Ambrose v. Booker*, 684 F.3d 638, 649 (6th Cir. 2012). Carter based his request on the Supreme Court's grant of certiorari in the case of *Weaver v. Massachusetts*, 137 S. Ct. 1899 (2017). The Supreme Court has since decided *Weaver*, and the holding of *Weaver* is unavailing for Carter. *See Weaver*, 137 S. Ct. at 1913-14 (holding that prejudice is not presumed in cases involving claims of ineffective assistance of counsel that result in structural error). Accordingly, reasonable jurists would not debate whether the district court was correct in its procedural reasoning.

2017 WL 4535932, at *3, *reh'g denied* (Oct. 26, 2017), *cert. denied*, 138 S. Ct. 2582 (2018). Although *Carter* was an unpublished decision, it squarely addressed and rejected the same position advanced by the petitioner here where he contends that *Weaver* abrogated the rule laid down in *Ambrose* and requires that the Court presume prejudice on collateral review of any claim implicating "structural error."

Also of note, in a footnote to his motion the petitioner alluded to a parallel appeal to the Sixth Circuit raising the same issue, by another Michigan prisoner, Eric Powell. However, that appeal was voluntarily dismissed in January 2018, for reasons that are not apparent from the record. *Powell v. Howes*, No. 16-2410, 2018 WL 1755849 (6th Cir. Jan. 23, 2018). In any event, the Court has not located any decision calling into question the viability of the holding in *Ambrose* after *Weaver*, and in the only authoritative ruling on point, the Sixth Circuit rejected the same arguments advanced by the petitioner in his pending motion.

Motions for reconsideration may be granted under E.D. Mich. LR 7.1(h)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted).  The petitioner has not made the required showing.

Accordingly, it is **ORDERED** that the motion for reconsideration [R. 90] is **DENIED**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Date:   September 19, 2018

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on September 19, 2018.

s/Susan K. Pinkowski<br>
SUSAN K. PINKOWSKI